IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DARNELL WILSON                                                                          PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 3:10-CV-518-FKB

CHRISTOPHER EPPS, ET AL.                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983.  At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.   Wilson is proceeding in this matter *in forma pauperis* and *pro se*.

Pending before the Court are Defendants' Motion to Dismiss for Failure to Exhaust Available Administrative Remedies (Docket No. 136), a memorandum in support thereof, and related exhibits.  Plaintiff has filed what the Court construes as a cross-Motion Regarding Exhaustion (Docket No. 142).   For the reasons explained in this Memorandum Opinion and Order, the Court grants the Motion to Dismiss in favor of Defendants and denies Plaintiff's cross-Motion Regarding Exhaustion. Plaintiff's Motion for Settlement (Docket No. 150), furthermore, is denied as moot.  Accordingly, this matter is dismissed, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

I.  Plaintiff's Claims

Plaintiff is a convicted inmate who, at all times relevant to the claims in this action, was housed at Central Mississippi Correctional Facility ("CMCF"). From the filings, it appears that Plaintiff first became incarcerated at CMCF on or about July 12, 2010, and he was subsequently transferred to another facility on August 31, 2010 (Docket Nos. 136-3 at 34, 57).

The Court has issued process for Defendants employed by the Mississippi Department of Corrections ("MDOC"), as follows:  Christopher Epps, Commissioner of MDOC; James Holman, Warden at CMCF; Margarett Bingham, Superintendent at CMCF; and Eddie Cates, Classification and Moving Supervisor at CMCF.  In his voluminous filings, including his complaint, amended complaint, various supplements, and motions to amend, Plaintiff alleges that Defendants denied his constitutional rights on a number of separate occasions related to conditions of his confinement.

In his lengthy initial complaint, Plaintiff alleges a multitude of claims against officials at CMCF.  Most of his claims allege unconstitutional conditions of confinement which offend him, such as forced haircuts, second hand smoke, placement on a top bunk, inadequate toilet tissue, issuance of a plastic spoon with which to eat, stolen canteen items, unprofessional officers, no call button, denial of his alleged right to watch the news or purchase a radio, bad meals, and poor sanitation.

At the omnibus hearing held in this matter, Plaintiff admitted that he has not completed the Administrative Remedy Process ("ARP") as to any of these claims before filing this action in federal court.  He argues that he circumvented the ARP process to file this action because officials never responded to his ARPs.  He asserted that he sued Epps because Epps is in charge

of the MDOC, and he admitted that he did not sue him for any alleged personal acts by Epps.

## II.  Discussion

Defendants have filed a Motion to Dismiss on the basis that Plaintiff admits that he failed to exhaust administrative remedies.  Because exhaustion is an affirmative defense, the burden is on Defendants to demonstrate that Wilson failed to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007); Dillon v. Rogers, 596 F.3d 260 (5th Cir. 2010). Moreover, because Defendants have submitted matters outside the pleadings with their Motion to Dismiss, the motion should be characterized as a motion for summary judgment. See Fed.R.Civ.P. 12(b); Young v. Biggers, 938 F.2d 565, 568 (5th Cir. 1991).

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 174 F.3d 269, 633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted).  The non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence.

Little, 37 F.3d at 1075.

In response to the Motion to Dismiss, Plaintiff argues that the ARP system of the MDOC is inadequate, even though he admits that it replaced stolen canteen items, the occurrence of which was the subject of one of his many ARPs. Docket No. 141. He argues that the ARP system did not address multiple (at least ten) other ARPs pending against officials at CMCF when officials held the ARPs in abeyance pending completion of his previously filed ARPs, thus he should be excused from complying with the ARP process.[2]

The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA) states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).

In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. Booth, 532 U.S. at 741. The United States Supreme Court has also held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516

---

[2] According to a memo to Plaintiff in Plaintiff's ARP file, MDOC policy allows an offender to have one active ARP and up to ten ARP complaints in backlog. Docket No. 136-4 at 20.

(2002); see also Jones v. Bock, 549 U.S. 199 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The Court has reviewed the many voluminous filings presented by Plaintiff, as well as over three hundred pages of Plaintiff's ARPs presented by the State, see Docket No. 136, and finds no evidence that Plaintiff exhausted his administrative remedies with regard to any of his claims against officials at CMCF.  More to the point, Plaintiff admits that he has not exhausted his administrative remedies prior to bringing this suit, as is required by the PLRA.  Plaintiff ignores statutory and case law which requires a prisoner to exhaust administrative remedies, regardless of the relief sought.

Furthermore, Plaintiff has failed to allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. See Ferrington v. Louisiana Department of Corrections, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); see also Days v. Johnson, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness).  Further, his request for monetary damages is not exempt from exhaustion. Porter v. Nussle, 534 U.S. at 524 ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").   Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. at 739.

The Fifth Circuit has taken a "strict" approach to the PLRA's exhaustion requirement. Dillon, 596 F.3d at 268.  Under the Fifth Circuit's "strict approach, [it] has found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion;

instead, [the Court has] required prisoners to exhaust available remedies properly." Id.

Nevertheless, Plaintiff argues that because, in his estimation, officials at CMCF failed to process his ARPs in a timely fashion, he should be allowed to circumvent the ARP system and file for relief in this Court. However, based on the record, Defendants have neither ignored Plaintiff's multiple ARPs, nor failed to handle them in a timely fashion.

According to a memo in his ARP file, MDOC policy allowed for an offender to pursue one active ARP and maintain up to ten in "backlog." Docket No. 136-4 at 20. As shown by the memo, MDOC made an exception for Plaintiff and allowed him, at various times, to maintain a greater number of active ARPs than was allowed by policy. Because the Fifth Circuit has recognized that a facility's procedure of "backlogging" ARPs is constitutional and does not excuse a prisoner's failure to exhaust, Plaintiff's allegations regarding the ARP system do not provide a basis for him to circumvent the ARP system. Wilson v. Boise, 262 F.3d 1356 (5th Cir.)(unpublished), cert. denied, 122 S.Ct. 369 (U.S. 2001); see also White v. Epps, 2010 WL 2539659 (S.D. Miss. Mar. 3, 2010)(upholding MDOC's ARP backlogging system).

Because the Plaintiff did not complete the administrative review process for his ARPs, he has failed to exhaust his administrative remedies as to any of his claims. Accordingly, Defendants' Motion to Dismiss is hereby granted, and this action will be dismissed without prejudice for Plaintiff's failure to exhaust.

### III. Conclusion

Thus, for the reasons stated above, the Court finds that Defendants are entitled to summary judgment on the basis that Plaintiff failed to exhaust administrative remedies. Accordingly, as set forth in this Opinion, Plaintiff's claims against Defendants are dismissed

without prejudice.

Furthermore, the Court finds that Plaintiff's claims should be dismissed as "frivolous."[3] In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 31st day of July, 2013.

  /s/ F. Keith Ball                
UNITED STATES MAGISTRATE JUDGE

---

[3] The term "frivolous" in the context of 28 U.S.C. § 1915(e) does not mean that the plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim." Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991). In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).